# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROWE, | 1:06-cv-01171-LJO-SMS-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT RODRIGUEZ' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED (Doc. 21.) |
| v. | |
| J. KURZ, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I. BACKGROUND

Plaintiff Daniel Rowe ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 30, 2006. (Doc. 1.) This action now proceeds on Plaintiff's First Amended Complaint filed November 25, 2008, against defendants Medical Technical Assistant ("MTA") J. Kurz and MTA D. Rodriguez for deliberate indifference to his serious medical needs in violation of the Eighth Amendment, when they allegedly denied Plaintiff his prescribed medications.[1] (Doc. 15.) On July 13, 2009, defendant MTA D. Rodriguez ("Defendant") filed a motion to dismiss the complaint based on Plaintiff's failure to exhaust administrative remedies and failure to state a claim upon which relief may be

---

[1] Plaintiff named defendants the Department of Corrections and its Director, Chief Psychiatrist, Chief Medical Officer, Health Care Manager, Health Program Coordinator, and Chief Physician and Surgeon in the original complaint, but omitted these defendants in the First Amended Complaint. (Doc. 15.)

1

granted.[2] (Doc. 21.) On August 11, 2008, Plaintiff filed an opposition to the motion.[3] (Doc. 23.) Defendant did not file a reply to Plaintiff's opposition. Defendant's motion to dismiss is now before the Court.

## II. SUMMARY OF THE COMPLAINT AS TO DEFENDANT RODRIGUEZ

Plaintiff's claims in this action arise from events which allegedly occurred while Plaintiff was incarcerated at Corcoran State Prison ("CSP"). In the First Amended Complaint, Plaintiff alleges that on October 3, 2005, Defendant denied him his prescribed medications. Plaintiff alleges he was diagnosed with depression and psychosis and took medication for these conditions, as reflected by his medical file. Plaintiff alleges that Defendant was aware of Plaintiff's conditions and medications, because she had access to Plaintiff's medical records. Plaintiff claims that Defendant denied him adequate medical care in violation of his constitutional rights. Plaintiff requests "full treatment" and monetary damages as relief.

## III. MOTION TO DISMISS

Defendant brings a motion to dismiss the claims against her based on Plaintiff's failure to exhaust administrative remedies before filing suit under Rule 12(b) and failure to state a claim against her for medical indifference under Rule 12(b)(6). In addition, Defendant moves to dismiss Plaintiff's request for injunctive relief on the ground that a pending class action subsumes such relief.

### A. Motion to Dismiss for Failure to Exhaust

#### 1. Legal Standards

##### a. Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

---

[2] To date, defendant MTA J. Kurz has not been served with process and has not appeared in this action. On September 21, 2009, the United States Marshal filed a return of service unexecuted as to defendant Kurz. (Doc. 26.) Defendant Kurz has not joined the instant motion to dismiss or otherwise appeared in this action.

[3] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on April 15, 2009. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.1 (9th Cir. 2003). (Doc. 19.)

as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 90 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Id. at 83-84.

The PLRA requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. 42 U.S.C. § 1997e(a). The Booth court held that the PLRA requires administrative exhaustion even where the grievance process does not permit award of money damages and prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. Booth, 532 U.S. at 732. "The meaning of the phrase 'administrative remedies ... available' is the crux of the case." Id. at 731. In discussing the meaning of the term "remedy," the court noted that "depending on where one looks, 'remedy' can mean either specific relief obtainable at the end of a process of seeking redress, or *the process itself*, the procedural avenue leading to some relief." Id. at 738. (emphasis added.) Thus, the court determined that the language of the statute, which requires that the "available" "remed[y]" must be "exhausted" before a complaint under § 1983 may be entertained, refers to "exhaustion" of the *process available*. Id. at 738-739. (emphasis added.) It follows, then, that if an inmate exhausts the process that is made available to him, he has satisfied the requirement of the statute.

    **b.**  **Unenumerated 12(b) Motion**

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 215-16 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust

3

administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

### c. **CDCR's Administrative Grievance System**

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85; McKinney v. Carey, 311 F.3d. 1198, 1199-1201 (9th Cir. 2002).

### 2. **Parties' Positions**

#### a. **Defendant's Motion**

Defendant brings a motion to dismiss the complaint pursuant to Rule 12(b), for Plaintiff's failure to exhaust administrative remedies before filing suit. First, Defendant argues that Plaintiff provided no evidence in his complaint that he exhausted his remedies as to the October 3, 2005 incident. (Doc. 1 at 8; Doc. 15 at 2.) Defendant presents evidence that the administrative appeal which Plaintiff attached to his original complaint, log number 05-3502, was signed by Plaintiff in July 2005 and could not have concerned the October 3, 2005, incident which occurred later. (Cmp., Doc. 1 at 8; Jones Decl ¶¶7-9.) Second, Defendant argues that no other administrative appeals for medical care were brought and exhausted by Plaintiff before the filing of this action in August 2006. Defendant submits evidence that between 2001 and 2006, Plaintiff filed eight appeals at CSP concerning medical care:

(1) 6-01-00878, received on March 27, 2001;

(2) 6-01-02017, received on July 3, 2001;

4

|   |   |   |
|---|---|---|
| 1 | (3) | 6-02-0600, received on February 14, 2002; |
| 2 | (4) | 6-02-03030, received on September 11, 2002; |
| 3 | (5) | 6-03-00129, received on January 9, 2003; |
| 4 | (6) | 6-03-00237, received on January 22, 2003; |
| 5 | (7) | 6-05-03502, received on September 26, 2005; and |
| 6 | (8) | 6-06-04334, received on October 27, 2006 and denied at Level 1 on December 8, 2006, with no review sought at Level II or Level III. |

(Jones Decl ¶¶7-9.)

Defendant also submits evidence that only three appeals from Plaintiff concerning medical care at CSP were accepted by the Inmate Appeals Branch ("IAB") of the CDCR at the Third or Director's Level:

(1) 0105906, accepted December 21, 2001;

(2) 021340, accepted May 23, 2003; and

(3) 0505694, accepted November 23, 2005, concerning CSP appeal log number 05-03502.

(Grannis Decl ¶5.)

### b. **Plaintiff's Opposition**

In his opposition, Plaintiff maintains that he did properly file an inmate 602 appeal concerning the October 3, 2005 incident, but it was never returned to him, so he proceeded to file this lawsuit. (Opp'n, Doc 23 at 1-2.) Plaintiff claims that prison staff routinely trashes, loses, and never returns inmates' appeals. Id. In support of this argument, Plaintiff attaches a copy of a survey about problems with CSP's appeals process distributed by the California Prison Focus organization on November 29, 2005, and a copy of an undated letter written by Plaintiff and several other inmates requesting an investigation into the prison appeals process. (Exh to Opp'n.)

### 3. **Discussion**

Plaintiff brings allegations in the complaint against Defendant based on only one incident occurring on October 3, 2005. (Doc. 15.) Defendant has provided evidence that Plaintiff failed to submit any timely appeal to the CSP Appeals Office or the IAB concerning the October 3, 2005

5

incident alleged against Defendant in the First Amended Complaint. The evidence shows that seven of the eight appeals submitted to CSP were initially submitted *before* October 3, 2005, too early to have grieved the subject incident. (Jones Decl ¶¶7-9.) The eighth appeal, log number 6-06-04334, was received at CSP on October 27, 2006, more than one year *after* the October 3, 2005 incident, and denied at Level I. (Jones Decl ¶¶7-10.) Although Defendant does not explain why the eighth appeal was denied, it was clearly filed well after the fifteen-day window of time allowed under the CDCR's grievance system. Two of the three appeals accepted by the IAB were filed too early to have grieved the October 3, 2005 incident. The third appeal accepted by the IAB concerned CSP appeal log number 05-03502, which was received by CSP Medical Appeals on August 8, 2005, also too early to have grieved the subject incident. (Grannis Decl ¶5.)

Plaintiff provides no evidence refuting Defendant's arguments. Plaintiff's opposition, filed August 11, 2009, was not signed under penalty of perjury and therefore lacks evidentiary value. Moreover, Defendant argues that the opposition, filed on August 11, 2009, was not timely filed pursuant to Local Rule 78-230(m). Plaintiff asserts in the opposition that he properly submitted an appeal at CSP, but the appeal was never returned to him because prison staff abused the appeals process. (Opp'n, Doc 23 at 1:17-28.) Plaintiff's exhibits to the opposition, offered to show that CSP's appeals system is routinely abused by prison staff, do not provide any evidence that Plaintiff's particular appeal was not properly processed.

In the original complaint, Plaintiff asserts that he completed the appeals process as to the facts contained in the complaint, claiming that he filed a grievance which was partially granted at the informal level, denied at the first formal level, partially granted at the second level, and denied at the Director's Level. (Cmp., Doc. 1 at 2 ¶II.) As evidence, Plaintiff attaches a copy of CSP administrative appeal 05-03502, signed by Plaintiff in July 2005 and stamped received by Medical Appeals on August 8, 2005. Id. at 8. In the First Amended Complaint, Plaintiff makes the same assertion, without documentary evidence. (ACP, Doc. 15 at 2 ¶II.)[4] However, as discussed above,

---

[4] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the original complaint and the First Amended Complaint under penalty of perjury. Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified complaints and their accompanying exhibits, if any.

appeal 05-03502 was filed too early to have grieved the October 3, 2005 incident. Therefore, none of Plaintiff's evidence supports his argument that he exhausted his remedies against Defendant.

Based on the foregoing, Plaintiff provides no evidence that he followed the required process to grieve inadequate medical care by Defendant alleged in the complaint, pursuant to § 3084.1 et seq. to satisfy § 1997e(a). Therefore, the Court finds that Defendant Rodriguez is entitled to dismissal of this action against her.

### B. Motion to Dismiss on Other Grounds

In light of the finding on Defendant's motion to dismiss for failure to exhaust, the Court shall not reach Defendant's motion to dismiss based on Plaintiff's failure to state a claim for medical indifference under Rule 12(b)(6), or based on the ground that a pending class action subsumes Plaintiff's request for injunctive relief.

## IV. CONCLUSION AND RECOMMENDATION

Defendant has met her burden of demonstrating that Plaintiff failed to exhaust his remedies against her prior to filing suit, in compliance with § 1997e(a). Defendant has shown an absence in the official records of any evidence that Plaintiff filed an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the complaint of inadequate medical care against her, before the complaint was filed. Plaintiff has not submitted evidence of any appeals that satisfy the exhaustion requirement. Therefore, the Court HEREBY RECOMMENDS that Defendant Rodriguez' motion to dismiss, filed July 13, 2009, be GRANTED, and Defendant Rodriguez be DISMISSED from this action, based on Plaintiff's failure to exhaust administrative remedies.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are

///

///

advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

<u>IT IS SO ORDERED.</u>

**Dated:      February 4, 2010**                    <u>        /s/ Sandra M. Snyder        </u>
                                                                        UNITED STATES MAGISTRATE JUDGE