# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROWE,<br><br>               Plaintiff,<br><br>       v.<br><br>DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:06-cv-01171-LJO-SMS PC<br><br>ORDER (1) DENYING MOTION TO DISMISS FOR FAILURE TO EXHAUST; (2) GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; (3) DISMISSING INJUNCTIVE RELIEF CLAIM WITH PREJUDICE; AND (4) DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Docs. 21 and 28)<br><br>ORDER REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS |

**I.    Procedural History**

Plaintiff Daniel Rowe, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 30, 2006. This action is proceeding on Plaintiff's amended complaint, filed November 25, 2008, against Defendants Rodriguez and Kurtz for violation of the Eighth Amendment.

On July 13, 2009, Defendant Rodriguez filed a motion to dismiss for failure to exhaust the administrative remedies and for failure to state a claim.[1] 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff opposed the motion and on February 4, 2010, the Magistrate Judge issued a findings and recommendations recommending that Defendant Rodriguez's motion to dismiss for failure to

---

[1] Defendant Kurtz has not been served with process and has not voluntarily appeared in the action.

exhaust be granted. Defendant's motion to dismiss for failure to state a claim was not addressed in light of the conclusion that Plaintiff failed to exhaust. After obtaining four extensions of time, Plaintiff filed an objection on September 17, 2010.

**II.     Exhaustion**

Plaintiff's Eighth Amendment claims arise out of an incident in which Defendant Kurtz denied Plaintiff his prescription medications in July 2005, and an incident in which Defendant Rodriguez denied Plaintiff his prescription medications on October 3, 2005. Plaintiff filed an inmate appeal in July 2005 grieving the failure of medical staff to provide Plaintiff with his prescription medications. The appeal was denied at the Director's Level of review on February 26, 2006.

Defendants argued that the appeal, which was initiated in July 2005, could not have exhausted the claim against Defendant Rodriguez, which arose from an incident in October 2005. The Magistrate Judge agreed and recommended that Defendant Rodriguez's motion to dismiss be granted.

"[T]he primary purpose of a grievance is to notify the prison of a problem, and facilitate its resolution." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). In the absence of greater specificity required by the applicable regulations, a grievance is sufficient "'if it alerts the prison to the nature of the wrong for which redress is sought.'" Griffin, 557 F.3d at 1120 (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). The California Department of Corrections and Rehabilitation has an administrative remedy process which allows prisoners to appeal any departmental decision, action, condition, or policy which has an adverse effect on them. Cal. Code Regs., tit. 15 § 3084.1(a) (2010). The process is initiated by submitting a CDCR Form 602, and inmates are required only to describe the problem and the action requested. Tit. 15, § 3084.2(a).

The constitutional violations at issue in this action are the denial of Plaintiff's prescription medications by two medical staff members. Plaintiff's inmate appeal grieved the ongoing failure of medical staff in general to provide Plaintiff with his prescription medications. Because Plaintiff's legal claims involve the same basic facts as set forth in his inmate appeal and prison regulations do not require inmates to name each prison official they believe to be involved in the issue(s) being appealed, the Court finds that Plaintiff's appeal was sufficient to grieve his Eighth Amendment

claims relating to the deprivation of his prescription medications. Griffin, 557 F.3d at 1120. Defendant Rodriguez's motion to dismiss for failure to exhaust is denied.

### III.     Sufficiency of Legal Claims

#### A.     Claim for Injunctive Relief

Plaintiff's claims arose from events which occurred in 2005 when Plaintiff was incarcerated at California State Prison-Corcoran. Plaintiff is now incarcerated at California State Prison-Sacramento and his amended complaint contains no allegations that Defendants Rodriguez and Kurtz's actions presented any sort of ongoing violation of his rights. Accordingly, Plaintiff is entitled to seek only monetary relief in this action and his prayer for equitable relief in the form of "full treatment" may not be awarded. 18 U.S.C. § 3626(a)(1)(A); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Defendant Rodriguez's motion to dismiss Plaintiff's claim for injunctive relief is granted and the claim is dismissed, with prejudice.

#### B.     Eighth Amendment Medical Care Claim

Plaintiff alleges only that Defendants denied him his prescription medications, and both were aware of his illnesses and prescriptions via access to and review of his medical file.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060.

"Medical malpractice does not become a constitutional violation merely because the victim is a prisoner," Estelle v. Gamble, 429 U.S. 97, 106 (1977); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc), and "isolated occurrences of neglect" do not rise to the level of an Eighth Amendment violation, O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff's conclusory allegations are insufficient to support a claim that either Defendant "[knew] of and disregard[ed] an excessive risk to his health," Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994), or that he suffered any further harm as a result of being denied his medication on those two occasions, McGuckin at 1060. Therefore, Defendant Rodriguez is entitled to dismissal of the claim against her and her motion shall be granted. Pursuant to 28 U.S.C. § 1915A, which permits the Court to screen Plaintiff's claims, the claim against Defendant Kurtz is also dismissed for failure to state a claim. Plaintiff is entitled to an opportunity to amend in light of this order and may file a second amended complaint within thirty days. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

## IV. Conclusion and Order

In light of the nature of Plaintiff's legal claims and the issue set forth in his exhausted inmate appeal, Defendant Rodriguez is not entitled to dismissal for failure to exhaust. The recommendation that the motion to dismiss be granted on that ground is not adopted and the motion is denied. However, Defendant Rodriguez's motion to dismiss for failure to state a claim is granted. Plaintiff's claim for injunctive relief is not amenable to being cured through amendment and is dismissed with prejudice.

Plaintiff may have one opportunity to amend his Eighth Amendment claims for damages against Defendants Rodriguez and Kurtz. Plaintiff may not change the nature of this suit by adding new parties or new claims. If Plaintiff either fails to file a second amended complaint or fails to state a claim in his second amended complaint, this action will be dismissed, with prejudice.

In amending, Plaintiff is placed on notice that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

4

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Based on the foregoing, it is HEREBY ORDERED that:

1. The recommendation to grant Defendant Rodriguez's motion to dismiss for failure to exhaust is not adopted;
2. Defendant Rodriguez's motion to dismiss for failure to exhaust is denied;
3. Defendant Rodriguez's motion to dismiss for failure to state a claim is granted;
4. Plaintiff's claim for injunctive relief is dismissed, with prejudice;
5. Plaintiff's amended complaint is dismissed with leave to amend his Eighth Amendment claims for damages; and
6. Plaintiff has **thirty (30) days** from the date of service of this order to file a second amended complaint or this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   December 7, 2010**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE