# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROWE, | CASE NO. 1:06-cv-01171-LJO-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT FOR DEFENDANTS |
| v. | |
| DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | (Doc. 41) |
| _____/ | ORDER COUNTING DISMISSAL AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

### Screening Order

**I.    Screening Requirement**

Plaintiff Daniel Rowe, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 30, 2006.  On December 7, 2010, the Court dismissed Plaintiff's amended complaint, with leave to amend.  Plaintiff filed a second amended complaint on January 11, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal, 129 S.Ct. at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

## II.    Plaintiff's Second Amended Complaint

### A.    Summary of Allegations

Plaintiff, who is currently incarcerated at California State Prison-Sacramento, alleges that while he was at California State Prison-Corcoran, Defendants J. Kurtz and D. Rodriguez interfered with his prescribed medical treatment, in violation of his rights under the Eighth Amendment of the United States Constitution. Plaintiff seeks damages.

Plaintiff suffers from depression and paranoid schizophrenia, and he is under the care of the prison system's mental health services. Plaintiff takes prescription medications for his conditions and he is unable to fully function without them in terms of daily activities. Plaintiff alleges that Defendant Kurtz, a medical technical assistant, routinely denied him medication in the course of her duty to deliver medication to inmates in their cells. Plaintiff alleges that Defendant Kurtz was aware of his illnesses and prescriptions, and that she was responsible for delivering the medications. Plaintiff alleges that Defendant Kurtz could have harmed him, because he could have gone into a psychotic state, committed suicide, or suffered some other harm as a result of the medication denial.

Defendant Rodriguez, who was a senior medical technical assistant and Defendant Kurtz's supervisor, interviewed Plaintiff regarding an inmate appeal he filed concerning his medications. Plaintiff alleges that Defendant Rodriguez did nothing and denied his request for his medications,

2

and that Defendant Rodriguez is responsible for ensuring that inmates receive their prescription medication.

**B.    Legal Standard**

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff is required to set forth sufficient factual allegations demonstrating each defendant's personal participation in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Because there is no respondeat superior liability under section 1983, each defendant is only liable for his or her own misconduct.  Iqbal, 129 S.Ct. at 1948-49.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

///

1

    **C.**    <u>**Discussion**</u>

2         Plaintiff's second amended complaint is devoid of any allegation that as a result of the

3 periodic denial of his prescription medication by Defendant Kurtz, he suffered any harm. <u>McGuckin</u>,

4 974 F.2d at 1060. Rather, Plaintiff only speculates as to what could have happened. Further, there

5 are no allegations supporting the claim that Defendant Kurtz knowingly disregarded an excessive

6 risk of harm to Plaintiff's health. <u>Farmer</u>, 511 U.S. at 837. It is unclear why Plaintiff's medications

7 were not delivered on those occasions. Allegations that Plaintiff had medical conditions for which

8 he took prescription medications, and that Defendant Kurtz was aware of his conditions and

9 prescriptions are simply not sufficient to support a plausible Eighth Amendment claim. <u>Iqbal</u>, 129

10 S.Ct. at 1949-50; <u>Farmer</u>, 511 U.S. at 837; <u>Toguchi v. Chung</u>, 391 F.3d at 1057. Plaintiff fails to

11 state a claim against Defendant Kurtz.

12         Defendant Rodriguez's involvement was limited to interviewing Plaintiff during the course

13 of his administrative appeal. Defendant Rodriguez may not be held liable under section 1983

14 because he supervised Defendant Kurtz, <u>Iqbal</u>, 129 S.Ct. at 1948-49, and there are no allegations

15 supporting a claim that Defendant Kurtz acted with deliberate indifference toward Plaintiff's health

16 and Defendant Rodriguez knew of it and failed to intervene, <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th

17 Cir. 1989); <u>also</u> <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v. Clark</u>

18 <u>County School Board of Trustees</u>, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d

19 1189, 1204 (9th Cir. 1997). Therefore, Plaintiff fails to state a claim against Defendant Rodriguez.

20 <u>Iqbal</u>, 129 S.Ct. at 1949-50.

21 **III.**    <u>**Conclusion and Order**</u>

22         Plaintiff's second amended complaint fails to state a claim upon which relief may be granted

23 under section 1983. Plaintiff was previously given notice of the deficiencies and the opportunity to

24 amend, and based on the record in this case, further leave to amend is not warranted. <u>Lopez v.</u>

25 <u>Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

26         Accordingly, it is HEREBY ORDERED that:

27     1.     This action is dismissed, with prejudice, for failure to state a claim under section

28           1983;

2.      This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and

3.      The Clerk's Office shall enter judgment.


IT IS SO ORDERED.

**Dated:    January 13, 2011**                    **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE